**23SL-CC03834**

Electronically Filed - ST LOUIS COUNTY - September 12, 2023 - 07:47 AM

### IN THE CIRCUIT COURT OF ST. LOUIS COUNTY
### STATE OF MISSOURI

| | | |
|---|---|---|
| Cindy Marsh, individually and<br>on behalf of all others similarly situated, | ) | |
| | ) | |
| Plaintiffs. | ) | |
| | ) | |
| Vs. | ) | Cause No._____ |
| | ) | |
| Assurance IQ Services, LLC<br>28 Liberty St.<br>New York, New York 10005; and | ) | |
| | ) | |
| Registered Agent:<br>CT Corporation<br>Assurance IQ Services, LLC<br>28 Liberty St.<br>New York, New York 10005; and | ) | |
| | ) | Complaint Class Action |
| Gemjen Investment Services, Inc.<br>1580 E. Riverview Dr.<br>Phoenix, AZ 85034 | ) | Jury Trial Demanded |
| | ) | |
| John/Jane Does 1 through 10<br>Telemarketers<br>Assurance IQ Services, LLC<br>28 Liberty St.<br>New York, New York 10005; and | ) | |
| | ) | |
| Defendants. | ) | |

## CLASS ACTION COMPLAINT

Plaintiff, Cindy Marsh, appearing both individually and on behalf of all others similarly situated, by and through her attorney, brings this class action against Assurance IQ Services, LLC, (Assurance), Gemjen Investment Services, Inc. ("Gemjen") and John Does 1 through 10 ("Does"),

1

Electronically Filed - ST LOUIS COUNTY - September 12, 2023 - 07:47 AM

based upon personal knowledge as to her own acts and experiences and, as to all other matters, based upon information and belief, including the investigation conducted by her counsel, and alleges as follows:

**Nature of the Action**

1.      This is a class action under the Missouri No Call List and Telemarketing prohibitions set forth in §407.1098.1 and Mo. Rev. Stat. § 407.1076.

2.      This is also a class action under the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227, a federal statute enacted in response to widespread public outrage about the proliferation of intrusive, nuisance telemarketing practices. *See Mims v. Arrow Fin. Servs.*, *LLC,*132 S. Ct. 740, 745 (2012).

3.      Defendants Assurance IQ Services, LLC and Gemjen Investment Services, Inc are alter ego companies offering insurance services where they telemarket and offer a service to their clients to procure insurance through a third party.

4.      Defendants John and Jane Doe 1 through 7, uses automated systems, auto dialers, and predictive dialers supplied by Defendant's Assurance and Gemjen to make outbound telemarketing calls and texts messages to hundreds if not thousands of consumers across U.S., soliciting consumers to purchase insurance policies.

5.      By doing so, Defendant's Assurance, Gemjen and the Doe Defendants have violated the provisions of the Missouri No Call List and Telemarketing prohibitions set forth in §407.1098.1 and Mo. Rev. Stat. § 407.1076 and the TCPA when it contacted numbers on the Missouri and National Do Not Call Registry without their express written consent in that Defendants have caused Plaintiff and Class Members to suffer injuries as a result of placing unwanted telephonic sales calls to their private residential phones.

Electronically Filed - ST LOUIS COUNTY - September 12, 2023 - 07:47 AM

6.      Through this action, Plaintiff seeks injunctive relief to halt Defendant's unlawful telemarketing calls. Plaintiff additionally seeks damages as authorized by the MDNC and TCPA on behalf of Plaintiff and the Class Members, and any other available legal or equitable remedies resulting from the actions of Defendants described herein.

**THE PARTIES**

7.       Plaintiff Cindy Marsh (hereinafter referred to as "Plaintiff," "Cindy," or "Ms. Marsh") is an individual residing in this District.

8.      Since approximately December 14, 2014, Plaintiff has been the holder, with complete dominion and control, of a cellular telephone assigned the number ending in "6253."

9.      Plaintiff is, and at all times mentioned herein was a "subscriber" and "person" as defined by Mo. Rev. Stat. § 407.1095(2) and 47 U.S.C. §153(39).

10.     Defendant Assurance IQ Services, LLC ("Assurance") is a New York Limited Company with its headquarters at 28 Liberty St. New York, New York, 10005; and is a company that makes telemarketing calls, or employs its employees, agents and vendors  to make telemarketing calls within and into this District, to persons on the Federal and Missouri do not call registries without their express written consent, just as it did with the Plaintiff, thereby establishing sufficient ties to Missouri to subject them to Missouri's Long Arm Statute.

11.     Upon information and belief, Assurance conducts a business, the primary purpose of which is to solicit clients across the country to purchase insurance policies.

12.      Defendant Gemjen Investment Services, Inc. ("Gemjen") (formerly known as Prudential Investment Services, Inc.) is an Arizona based corporation that makes telemarketing calls, or employs its agents and vendors to make telemarketing calls within and into this District, to persons on the Federal and Missouri do not call registries without their express written consent,

Electronically Filed - ST LOUIS COUNTY - September 12, 2023 - 07:47 AM

just as it did with the Plaintiff, thereby establishing sufficient ties to Missouri to subject them to Missouri's Long Arm Statute.

13.     Upon information and belief, Gemjen is currently the alter ego company of Assurance and is in a business the primary purpose of which is to solicit insurance policies to clients across the country.

14.     Defendants John and Jane Doe's ("John/Jane Does) 1 through 10 are unknown telemarketers, employees, agents, or vendors of Defendant's Assurance and Gemjen the companies that make, oversee, control, and ratify telemarketing calls from this District and to this District to persons on the federal and Missouri do not call registries without their express written consent, just as it did with the Plaintiff.

15.     The Defendant "Does" operate at the direction of, control of and/or corporate policy of the Assurance and Gemjen, the defendants who propagate the calling of potential clients across the country that are securely within the protection of the Missouri and Federal Do Not Call lists.

Jurisdiction and Venue

16.     This Court has jurisdiction for violations of the Missouri do not call registries under Chapter 407.010 et seq. RSMo.  For the reasons stated in *Mims v. Arrow Financial Services, LLC*, 132 S. Ct. 740 (2012), the Court has subject matter jurisdiction under 47 U.S.C. § 227.

17.     This Court has personal jurisdiction over Defendant's Assurance and Gemjen and the John and Jane Doe Defendants because they either reside in this District and/or made the calls into this District, and/or they promulgated the policies and procedures and/or had the right to do so for Defendant's Assurance and Gemjen which encourage, entice, condone, and ratify illegal telemarketing calls into this District to persons on the no call lists. Moreover, the Doe Defendant's

4

Electronically Filed - ST LOUIS COUNTY - September 12, 2023 - 07:47 AM

and Defendants Assurance and Gemjen have sufficient minimum contacts with the State of Missouri and this District in that they transact business in Missouri, profit personally from Defendants Assurance and Gemjen insurance sales made in Missouri, they send their products to Missouri and advertise in Missouri; the extraterritorial tortious acts complained of within this complaint occurred in Missouri and to a Missouri resident, thereby subjecting them to Missouri's long arm statute, Section 506.500.1. See *Prosser v. USHealth Advisors, LLC*, 2023 WL 5093872 (E.D. Mo. August 9, 2023); *UMB Bank, N.A. v. Kraft CPAs, PLLC*, 2023 WL 3666879 (U.S. Dist. Ct, W.D. Mo. May 25, 2023); *Hand v. Beach KC, LCC*, 425 F.Supp.1096 (W.D. Mo. 2019).

18.     Venue is proper because the calls at issue were made into this District and/or from this District to a Missouri resident in this District and Missouri has a strong interest in providing a forum for extraterritorial torts committed against their residents in Missouri.

## STATEMENT OF FACTS

19.     Plaintiff Marsh is the subscriber and the sole user of the cell phone number ending with xxx-xxx-6253.

20.     This number has been personally registered by the Plaintiff on the Missouri and National Do Not Call Registry since 2022.

21.     The number is not associated with any business.

22.     The number is for personal residential use.

23     On or about January 25th of 2023, Plaintiff began receiving unsolicited telemarketing calls on her private residential cellphone from Defendants Assurance, Gemjen, and John and Jane Does 1 through 10 regarding the potential purchase of insurance policies. At no time leading up to these calls had Plaintiff provided any named defendant with her cellphone number or otherwise given the collective defendants her express written consent to call it.

Electronically Filed - ST LOUIS COUNTY - September 12, 2023 - 07:47 AM

24.     Upon answering the calls, Plaintiff was met with the various pauses, clicks, automated prompts, and so-called "dead air" that form the hallmarks of automatic telephone dialer use.

25.     The Doe Defendants then proceeded to engage in a script during each call soliciting Plaintiff to speak with an authorized and licensed insurance agent for the purchase of an insurance policy.

26.      Despite this, and without Plaintiff's prior express written consent, Defendant's Assurance and Gemjen and Does 1 through 10, and their other agents, employees and/or vendors persisted and placed more than thirteen (13) telemarketing calls to Ms. Marsh beginning on January 25, 2023, when the first call was made from telephone number (314) XXX-6507.

27.     Despite the fact that Plaintiff in on two no call lists and was not the party whom they were asking for and hung up, Defendant's Assurance and Gemjen and Does 1 through 10 continued making additional unsolicited telemarketing calls to the Plaintiff over the next three days.

28.     Each of the illegal telemarketing calls were condoned, encouraged, enticed, and ratified by Defendant Assurance and Gemjen as detailed supra:[1]

| | | | |
|---|---|---|---|
| a. | 1/25/23 | 8:18 am | 314-XXX-6507 |
| b. | 1/25/23 | 9:18 am | 314-XXX-6507 |
| c. | 1/25/23 | 11:12 am | 314-XXX-6507 |
| d. | 1/26/23 | 8:10 am | 314-XXX-6336 |

---

[1] Plaintiff has repeatedly informed the defendants and their employees, vendors, and agents verbally that they have the wrong number, and her number is listed on the Federal and Missouri State do not call registries, and to Stop Calling! Yet they continue to deliberately violate Plaintiff's privacy and right to seclusion, and the protections afforded by both the code and statute and have now called and texted Plaintiff's private number listed on the federal no call registry more than 13 times.

Electronically Filed - ST LOUIS COUNTY - September 12, 2023 - 07:47 AM

| | | | |
|---|---|---|---|
| e. | 1/26/23 | 9:39 am | 314-XXX-6336 |
| f. | 1/26/23 | 11:50 am | 314-XXX-6336 |
| g. | 1/26/23 | 2:00 pm | 314- XXX -6507 |
| h. | 1/26/23 | 2:03 pm | 314- XXX -6507 |
| i. | 1/26/23 | 7:01 pm | 314- XXX -6507 |
| j. | 1/28/23 | 10:31 am | 314- XXX -6507 |
| k. | 1/28/23 | 11:03 am | 314- XXX -6507 |
| l. | 1/28/23 | 9:02 am | 314- XXX -6507 |
| m. | 1/28/23 | 5:09 pm | 314- XXX -6507 |

29.     During each call, through Doe's 1 through 10 telemarketers solicited Ms. Marsh to purchase an insurance policy.

30.     The Doe Defendants identified that they were acting on behalf of Defendants Assurance and Gemjen then persistently harassed, annoyed and violated the Plaintiff's rights to privacy and seclusion and wasted her time with each individual call even though she demanded the calls cease, and she is registered on the Federal and Missouri Do Not Call registry and has been for months prior to their unsolicited calls to her private, personal residential cell phone.

31.     Upon information and belief, Defendants Assurance and Gemjen and the Doe Defendants obtained Plaintiff's number from some unidentified source, or through a third-party electronic database and failed to scrub the Plaintiff's number against the no call registries.

32.     By effectuating these unlawful phone calls, Defendants Assurance, Gemjen and the Doe Defendants caused Plaintiff the very harm that Congress sought to prevent - a "nuisance and invasion of privacy," and right to seclusion.

Electronically Filed - ST LOUIS COUNTY - September 12, 2023 - 07:47 AM

33.     Defendant's aggravating and annoying phone calls trespassed upon and interfered with Plaintiff's rights and interests in her cellular telephone and cellular telephone line, caused her to incur provider fees, the depletion of her battery life, wear and tear on her phone equipment and by intruding upon Plaintiff's seclusion.

34.     Defendant's phone calls harmed Plaintiff by wasting her time.

35.     Moreover, "wireless customers [like Plaintiff] are charged for incoming calls whether they pay in advance or after the minutes are used." In re Rules Implementing the TCPA of 1991, 23 FCC Rcd 559, 562 (2007). Defendant's phone calls harmed Plaintiff by depleting the battery life on her cellular telephone, and by using minutes allocated to Plaintiff by her cellular telephone serv.

36.      Defendants Assuarance, GemJen, and Does 1 through 10 and the unidentified creditors' unlawful acts, as described above, were committed knowingly and willfully.

37.     In addition, these defendants have a history as a serial TCPA violator. In fact, they have been sued numerous times for violations of the TCPA and recently settled numerous cases.

38.     Despite this, these defendants continue these unlawful activities of illegally calling class members on the Missouri and Federal do not call registries.

39.     In addition to being strictly liable for violations of the TCPA pursuant to the 2008 FCC Order, these defendants are subject to vicarious liability under common law agency principles. See Restatement (Third) of Agency § 4.01(1) (2006) ("Ratification is the affirmance of a prior act done by another, whereby the act is given effect as if done by an agent acting with actual authority.").

Electronically Filed - ST LOUIS COUNTY - September 12, 2023 - 07:47 AM

40.    When contacted by the Plaintiff, Defendants Assurance and Gemjen did not deny the calls or that they had disseminated Plaintiff's phone number to their agents, vendors, without her express written permission for the purpose of making unsolicited and illegal telemarketing calls to Plaintiff.

41.    Plaintiff's privacy and right to seclusion has been grossly, deliberately, and repeatedly violated by the above-described automated calls and the Plaintiff was severely annoyed, harassed and humiliated by the Doe telemarketers when she instructed them to stop calling her phone from the onset.

42.    The Plaintiff never provided her express written consent to receive or requested these calls, nor have the Defendants provided Plaintiff with a copy of any express written consent by Plaintiff to receive the calls when contacted.

43.    Plaintiff and all members of the Class, defined below, have been harmed by the repeated acts of the Defendants because their privacy and right to seclusion has been violated, they were annoyed, harassed and caused other injuries, including incurring telephone service provider fees, wear and tear on her phone, damage and disruption to her phone's battery life, loss of utility of her phone and intrusion upon seclusion, privacy rights and other injuries and costs.

44.    Defendants made, and continue to make, these telemarketing calls to individuals nationwide without their prior written express consent to do so.

45.    In response to these unsolicited telephonic calls, Plaintiff filed this lawsuit seeking injunctive relief requiring the Defendant to cease violating the Telephone Consumer Protection Act and Missouri No Call and Telemarketing Marketing laws, as well as an award of statutory damages to the members of the Class, attorneys' fees, and costs.

46.    None of the telephone calls alleged in this complaint constituted calls for

Electronically Filed - ST LOUIS COUNTY - September 12, 2023 - 07:47 AM

emergency purposes as defined by 47 U.S.C. § 227 (b)(1)(A)(i).

47.     The TCPA and implementing regulations prohibit the initiation of telephone solicitations to residential telephone subscribers to the Registry and provide a private right of action against any entity that makes those calls, or "on whose behalf" such calls are promoted. 47 U.S.C. 227(c) (5); 47 C.F.R. 64.1200 (c)(2).

**THE MISSOURI NO-CALL LAW**

48.     Similarly, the Missouri Do Not Call Registry, Mo. Rev. Stat. § 407.1098.1, which is to be construed in *pari materia*, provides:

> No person or entity shall make or cause to be made any telephone solicitation to the telephone line of any residential subscriber in this state who has given notice to the attorney general, in accordance with rules promulgated pursuant to section 407.1101 of the subscriber's objection to receiving telephone solicitations.

49.     A "residential subscriber" is defined as, "a person who has subscribed to residential telephone service from a local exchange company or the other persons living or residing with such person." Mo. Rev. Stat. § 407.1095(2), and Plaintiff is a residential subscriber.

50.     A "telephone solicitation" is defined as "any voice communications over a telephone line from a live operator, through the use of ADAD equipment or by other means for the purpose of encouraging the purchase or rental of, or investment in, property, goods or services..." Mo. Rev. Stat. § 407.1095(3).

51.     Defendant's calls and/or texts to a telephone subscriber on the Missouri Do Not Call List is an unfair practice, because it violates public policy, and because it forced Plaintiff to incur time and expense without any consideration in return. Defendants' practice effectively forced Plaintiff to listen to insurance solicitation calls in violation of State and Federal Law.

Electronically Filed - ST LOUIS COUNTY - September 12, 2023 - 07:47 AM

52.    Defendants violated the unfairness predicate of the Act by engaging in an unscrupulous business practice and by violating Missouri statutory public policy, which public policy violations in the aggregate caused substantial injury to hundreds of persons.

53.    Defendants' actions prevented the Plaintiff's telephone from being used for other legitimate purposes during the time Defendant was occupying the Plaintiff's telephone for Defendants' unlawful purpose.

54.    Chapter 407.1107 provides for up to $5,000 in damages for each knowingly violation.

**THE MISSOURI TELEMARKETING LAW**

55.    Mo. Rev. Stat. § 407.1076 provides in pertinent part:

It is an unlawful telemarketing act or practice for any seller or telemarketer to engage in the following conduct:

(3)    Cause the telephone to ring or engage any consumer in telephone conversation repeatedly or continuously in a manner a reasonable consumer would deem to be annoying, abusive or harassing;

(4)    Knowingly and willfully initiate a telemarketing call to a consumer, or transfer or make available to others for telemarketing purposes a consumer's telephone number when that consumer has stated previously that he or she does not wish to receive solicitation calls by or on behalf of the seller unless such request has been rescinded.

56.    MO Rev. 407.1104 provides in pertinent part:

1.    Any person or entity who makes a telephone solicitation to any residential subscriber in this state shall, at the beginning of such solicitation, state clearly the identity of the person or entity initiating the solicitation.

2.    No person or entity who makes a telephone solicitation to a residential subscriber in this state shall knowingly use any method to block or otherwise circumvent any subscriber's use of a caller identification service.

**Class Action Allegations**

11

Electronically Filed - ST LOUIS COUNTY - September 12, 2023 - 07:47 AM

57.    Class Definition: Plaintiff seeks to certify a class and brings this Complaint against the Defendants, as authorized by Missouri Supreme Court Rule 52.08 and pursuant to Federal Rule of Civil Procedure 23(b) (2 and (b)(3), on behalf of himself and the following Classes:

**Robocall Class and Automatic Telephone Dialing System Class:**

All persons in the United States who received any unsolicited telephone calls from Defendants or their agents on their cellular phone service through the use of any automatic telephone dialing system, predictive dialing system, or artificial or pre-recorded voice system, which telephone calls by Defendants or their agents were not made for emergency purposes or with the recipients' prior express written consent, within four years prior to the filing of this Complaint.

**Do Not Call Class ("DNC Class")**:
All persons in the United States (1) who had her or her telephone number(s) registered with the national Do-Not-Call registry for at least thirty days; (2) who received more than one telephone call made by or on behalf of Defendants in the course of their insurance sales services; (3) within a 12-month period; and (4) for whom Defendants had no current record of consent to place such calls to him or her.

**Missouri Do Not Call Class ("MDNC Class")**:
All persons in the State of Missouri (1) who had her or her telephone number(s) registered with the Missouri Do-Not-Call registry for at least thirty days; (2) who received more than one telephone call or text made by or on behalf of Defendants that engaged their debt collection activities services; (3) within a 12-month period; and (4) for whom Defendants had no current record of consent to place such calls to him or her since June 16, 2019.

58.    A substantial number of the events which give rise to the claim occurred in Imperial, Missouri. Therefore, under Local Rule, this civil action should be assigned to the Circuit Court of St. Louis County, Missouri. In the event the Defendants seek to remove this case to federal Court, the appropriate venue lies in the St. Louis Division of the United States District Court for the Eastern District of Missouri under Missouri's Long Arm Statute.

Electronically Filed - ST LOUIS COUNTY - September 12, 2023 - 07:47 AM

59.     Excluded from the Class are counsel, the Defendants, and any entities in which the Defendants have a controlling interest, the Defendant's agents and employees, any judge to whom this action is assigned, and any member of such judge's staff and immediate family.

60.     Class Numerosity: The exact number of members of each Class is unknown and is not available to Plaintiff at this time, but such information is readily ascertainable by Defendants and their agents.

61.     The Classes are so numerous that joining all members is impractical. Plaintiff alleges that there are more than 40 members of each Class.

62.     The Class as defined above are identifiable through phone records and phone number databases.

63.     The potential members of the Class number at least in the thousands.

64.     Individual joinder of these persons is impracticable.

65.     Class Members may be notified of the pendency of this action by mail and/or publication through the distribution records of Defendant.

66.     Plaintiff is a member of the Class.

67.     There are questions of law and fact common to Plaintiff and the proposed Class, including, but not limited to the following:

a.     Whether Defendants used an "automatic telephone dialing system" or "artificial or prerecorded voice" calls as such terms are defined or understood under the MDNC, TCPA and applicable FCC regulations and orders;

b.     Whether each of the Defendants or their vendors and agents had prior express written consent to call MDNC and FDNC Class members;

13

Electronically Filed - ST LOUIS COUNTY - September 12, 2023 - 07:47 AM

c.      Whether Defendants systematically made telephone calls to members of the DNC and MDNC Classes whose telephone numbers were registered with the state and national Do-Not-Call registries;

d.      Whether Defendants systematically made telephone calls to members of the DNC Classes where Defendants did not have a current record of express written consent to make such telephone calls;

e.      Whether Plaintiff and Class Members are entitled to damages, including whether Defendants' violations were performed willfully or knowingly such that Plaintiff and Class Members are entitled to treble damages; and

f.      Whether Plaintiff and Class Members are entitled to injunctive relief for violations of their privacy and attorney's fees and costs.

68.     The Plaintiffs' claims are typical of the claims of members of the Class. Plaintiff is not different in any relevant way from any other member of the Classes, and the relief she seeks is common to each Class.

69.      Plaintiff is an adequate representative of the Class because her interests do not conflict with the interests of the Class, she will fairly and adequately protect the interests of the Class, and she has hired attorneys experienced in class actions, including MDNC and TCPA class actions.

70.     Predominance and Superiority: The Classes alleged in this Complaint are appropriate for certification because class proceedings are superior to all other available methods for the fair and efficient adjudication of this controversy, since joinder of all members is impracticable. The damages suffered by each individual member of the Classes will likely be relatively small, especially given the burden and expense of individual prosecution of the

complex litigation necessitated by Defendants' actions. It would be virtually impossible for Class members to individually obtain effective relief from Defendants' misconduct. Even if Class members themselves could sustain such individual litigation, it would still not be preferable to a class action, because individual litigation would increase the delay and expense to all parties due to the complex legal and factual controversies presented in this Complaint. By contrast, class actions present far fewer management difficulties and provide the benefits of single adjudication, economy of scale, and comprehensive supervision by a single Court. Economies of time, effort, and expense will be fostered, and uniformity of decisions will be ensured.

71.     Common questions of law and fact predominate over questions affecting only individual class members, and a class action is the superior method for fair and efficient adjudication of the controversy. The only individual question concerns the identification of class members, which will be ascertainable from records maintained by Defendants and/or their agents, vendors, subsidiaries, and sub-contractors.

72.     Injunctive Relief is Appropriate: Based on information and belief, Defendants Assurance and Gemjen and Doe's 1 through 10, the unknown creditor and their other agents, employees and/or vendors continue to engage in the improper practices discussed above. Injunctive relief is necessary and appropriate to enjoin Defendants' conduct and to prevent irreparable harm to Plaintiff and Class members for which they have no adequate remedy at law.

73.     The likelihood that individual members of the class will prosecute separate actions is remote due to the time and expense necessary to prosecute an individual case.

<u>**COUNT I**</u>
<u>**Violations of the MDNC Against All Defendants**</u>
<u>**by Plaintiff Individually and on Behalf of the MDNC Class**</u>

15

Electronically Filed - ST LOUIS COUNTY - September 12, 2023 - 07:47 AM

74.     Plaintiff hereby incorporates by reference the allegations contained in paragraphs 1 through 73 as though set forth herein.

75.     Plaintiff brings this claim individually and on behalf of the Missouri No Call and Anti Telemarketing Class Members ("MDNC") against Defendants.

76.     The Defendant's acts and omissions of making seven or more calls to Plaintiff's private residential phone constitute multiple violations of the MDNC in that No person or entity shall make or cause any telephone to ring and make any telephone solicitation to the telephone line of any residential subscriber in this state who has given notice to the attorney general, in accordance with rules promulgated pursuant to section 407.1101 and Mo. Rev. Stat. § 407.1076 of the subscriber's objection to receiving telephone solicitations.

77.     A "telephone solicitation" is defined as "any voice communications over a telephone line from a live operator, through the use of ADAD equipment or by other means for the purpose of *encouraging* the purchase or rental of, or investment in, property, goods or services..." Mo. Rev. Stat. § 407.1095(3).

78.     Defendant failed to secure prior express written consent from Plaintiff and the Class Members prior to making these and other calls, despite the fact that she is registered with the Missouri Attorney General not to receive said telemarketing calls.

79.     In violation of the MDNC, Defendants made and/or knowingly allowed telephonic collection calls to be made to Plaintiff and the Class members without Plaintiff's and the Class members' prior express written consent and after notice to the Missouri Attorney General was given that they did not want to receive said calls.

80.     Defendants made and/or knowingly allowed the telephonic calls to Plaintiff and the Class members to be made utilizing an automated system for the selection or dialing of telephone numbers willfully, deliberately, and negligently.

81.     As a result of Defendant's conduct, and pursuant to § 407.1076 et seq. of the MDNC, Plaintiff and Class members were harmed and are each entitled to a maximum of $5,000.00 in damages for each violation. Plaintiff and the Class members are also entitled to an injunction against future calls. *Id.*

**WHEREFORE**, Plaintiff Marsh and all members of the MDNC class prays for judgment against Defendant's Assurance, Gemjen, and Does 1 through 10, for $5,000.00 per violation, and for their attorney's fees and costs, appropriate injunctive relief, and for such further relief deemed just and equitable in the premises.

<u>**Count II**</u>
<u>**Telephone Consumer Protection Act (Violations of 47 U.S.C. § 227)**</u>
<u>**(On behalf of Plaintiff and the Robocall and ATDS)**</u>

82.     Plaintiff repeats and incorporates the allegations set forth in paragraphs 1 through 81 as if fully set forth herein.

83.     The foregoing acts and omissions of Defendant's Assurance, Gemjen and Does 1 through 10, and/or its affiliates, agents, and/or other persons or entities acting on Defendant's behalf through the use of an automated dialing system constitute numerous and multiple violations of the TCPA, 47 U.S.C. § 227, by making telemarketing calls, except for emergency purposes, to the Plaintiff and the Class despite their numbers being on the National Do Not Call Registry.

84.     The foregoing acts and omissions of Defendant's Assurance, Gemjen and, Does 1 through 10, and/or its affiliates, agents, and/or other persons or entities acting on Defendant's

Electronically Filed - ST LOUIS COUNTY - September 12, 2023 - 07:47 AM

Electronically Filed - ST LOUIS COUNTY - September 12, 2023 - 07:47 AM

behalf constitute numerous and multiple violations of the TCPA, 47 U.S.C. § 227, by making telemarketing calls, except for emergency purposes, to the Plaintiff and the Class despite their numbers being on the National Do Not Call Registry.

85. The Defendant's violations were negligent, willful, or knowing.

86. As a result of Defendant's and/or its affiliates, agents, and/or other persons or entities acting on Defendant's behalf violations of the TCPA, 47 U.S.C. § 227, Plaintiff and members of the Class presumptively are entitled to an award of $1,500 in damages for every call made.

87. Plaintiff and members of the Class are also entitled to and do seek injunctive relief prohibiting Defendant from making telemarketing calls to numbers on the National Do Not Call Registry, except for emergency purposes, in the future.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff individually and on behalf of all others similarly situated, seeks judgment against Defendant's Assurance, GemJen, Does 1 through 10, and the unidentified creditor as follows:

(a) For an order certifying the Classes and naming Plaintiff as the representative of the Classes and Plaintiff's attorneys as Class Counsel to represent the Classes;

(b) For an award of statutory damages for Plaintiff and each member of the Classes;

(c) For an order declaring that the Defendant's conduct violates the statutes referenced herein;

(d) For an order finding in favor of Plaintiff and the Classes on all Counts asserted herein;

(e) For prejudgment interest on all amounts awarded;

Electronically Filed - ST LOUIS COUNTY - September 12, 2023 - 07:47 AM

(f) For an order of restitution and all other forms of equitable monetary relief;

(g) For injunctive relief as pleaded or as the Court may deem proper; and

(h) Such further and other relief as the Court deems necessary.

**COUNT III**
**Violations of the TCPA Against All Defendants**
**by Plaintiff Individually and on Behalf of the DNC Class**

88.     Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 87 as though set forth herein.

89.     47 U.S.C. §227(c) provides that any "person who has received more than one telephone call within any 12-month period by or on behalf of the same entity in violation of the regulations prescribed under this subsection may" bring a private action based on a violation of said regulations, which were promulgated to protect telephone subscribers' privacy rights to avoid receiving telephone solicitations to which they object.

90.     The foregoing acts and omissions of Defendant's Assurance, Gemjen and  Does 1 through 10, and/or its affiliates, agents, and/or other persons or entities acting on Defendants behalf by calling and texting the Plaintiff's residential cell phone thirteen (13) times within a twelve (12) month period in contravention of 47 C.F.R. 64.1200(c), (d), (f) (13), constitute numerous and deliberate violations of the TCPA, 47 U.S.C. § 227, by making telemarketing calls, except for emergency purposes, to the Plaintiff and the Class despite their numbers being on the National and Missouri do not call registries.

91.     Defendant's Assurance, Gemjen and Does 1 through 10, acts were negligent, willful, or knowing.

92.     As a result of Defendant's Assurance, Gemjen and Does 1 through 10 and/or its affiliates, agents, and/or other persons or entities acting on Defendant's behalf violations of the

Electronically Filed - ST LOUIS COUNTY - September 12, 2023 - 07:47 AM

TCPA, 47 U.S.C. § 227, Plaintiff and members of the Class presumptively are entitled to an award of $1,500 in damages for each and every call made.

93.    Plaintiff and members of the Class are also entitled to and do seek injunctive relief prohibiting Defendant's Assurance, Gemjen, and Does 1 through 10, from making like calls to numbers on the National Do Not Call Registry, except for emergency purposes, in the future.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff individually and on behalf of all others similarly situated, seeks judgment against Defendant's Assurance, Gemjen and Does 1 through 10, as follows:

(a) For an order certifying the Classes and naming Plaintiff as the representative of the Classes and Plaintiff's attorneys as Class Counsel to represent the Classes;

(b) For an award of statutory damages for Plaintiff and each member of the Classes;

(c) For an order declaring that the Defendant's conduct violates the statutes referenced herein;

(d) For an order finding in favor of Plaintiff and the Classes on all Counts asserted herein;

(e) For prejudgment interest on all amounts awarded;

(f) For an order of restitution and all other forms of equitable monetary relief;

(g) For injunctive relief as pleaded or as the Court may deem proper; and

(h) Such further and other relief as the Court deems necessary.

Electronically Filed - ST LOUIS COUNTY - September 12, 2023 - 07:47 AM

## COUNT IV
## Defendant's Assurance and Gemjen's Vicarious Liability

**COMES NOW**, Plaintiff and for her fourth cause of action against Defendant's Assurance and Gemjen, states:

94.     Plaintiff reasserts and incorporates fully herein by reference each of the above paragraphs as though fully set forth herein.

95.     For 27 years now the FCC has made clear that "the party on whose behalf a solicitation is made bears ultimate responsibility for any violations." *In the Matter of Rules and Regulations Implementing the TeL Consumer Prot. Act of 1991,* 10 F.C.C. Rcd. 12391, 12397 ¶ 13 (1995).

96.     In 2013 the FCC explained again in detail that a corporate defendant "may be held vicariously liable under federal common law principles of agency for violations of either section 227(b) or section 227(c) that are committed by third-party telemarketers." *In the Matter of the Joint Petition Filed by Dish Network, LLC,* 28 F.C.C. Rcd. 6574 (2013). Both actual and apparent authority, and ratification, can be a basis for a finding of vicarious liability. *Mohon v. Agentra,* 400 F.Supp.3d 1189, 1226 (D. NM 2019).

97.     The FCC has instructed that defendants may not avoid liability by outsourcing telemarketing:

[A]llowing the seller to avoid potential liability by outsourcing its telemarketing activities to unsupervised third parties would leave consumers in many cases without an effective remedy for telemarketing intrusions. This would particularly be so if the telemarketers were ***judgment proof, unidentifiable, or located outside the United States, as is often the case.*** Even where third-party telemarketers are identifiable, solvent, and amenable to judgment limiting liability to the telemarketer that physically places the call would make enforcement in many cases substantially more expensive and less efficient, since consumers (or law enforcement agencies) would be required to sue each marketer separately in order to obtain effective relief. As the FTC noted, because "[s]ellers may have thousands of `independent' marketers, suing one or a few of them is unlikely to make a substantive difference for consumer privacy."

Electronically Filed - ST LOUIS COUNTY - September 12, 2023 - 07:47 AM

May 2013 FCC Ruling, 28 FCC Rcd at 6588 (¶ 37) (internal citations omitted).

98.   The FCC has **rejected** a narrow view of TCPA liability, including the assertion that liability requires a finding of ***formal agency*** and immediate direction and control over the third-party who placed the telemarketing call. *Mohon v. Agentra,* 400 F.Supp.3d 1189, 1226 (D. NM 2019). It is enough that the individual defendants had a right to control or supervise the acts of other defendants to be vicariously liable.

99.   A connection exists between Defendant's Assurance and Gemjen, and the calls complained of by Plaintiff because the calls were directly made on behalf of Defendant's Assurance and Gemjen, by the Doe Defendants so they could all profit from a common enterprise in which they all substantially participated of the insurance sales.

100.   "As the FTC has explained in its Compliance Guide, `taking deliberate steps to ensure one's own ignorance of a seller or telemarketer's Rule violations is an ineffective strategy to avoid liability.'" *FTC v. Chapman,* 714 F.3d 1211, 1216-1219 (l0th Cir. 2013).

101. Defendant's Assurance, Gemjen and Does 1 through 10, without Plaintiff's express written consent, allowed the numbers to be furnished to unlawfully contact Plaintiff constitute multiple deliberate violations of both the DNC and MDNC.

102.   Defendant's Assurance and Gemjen, are vicariously liable and responsible for the phone calls at issue because John and Jane Does 1 through 10  made or initiated the calls to Plaintiffs or they substantially participated, and promulgated the policy and ratified making the calls to persons on the no call list without their express written consent and by providing Does 1 through 10 with the resources and equipment to make the unsolicited telemarketing calls.

103.   Defendant's Assurance and Gemjen, are also further vicariously liable for the calls complained of by Plaintiff herein because they:

Electronically Filed - ST LOUIS COUNTY - September 12, 2023 - 07:47 AM

a)      authorized or caused Does 1 through 10 to initiate the phone calls or initiated the calls and texts themselves;

b)      directly or indirectly controlled the persons who actually made or initiated the calls or had the right to do so;

c)      allowed the collection representatives and independent agents access to information and operating systems within Defendants' control for the purpose of soliciting insurance policies, without which they would not be able to pursue their soliciting activities using robocalling, predictive dialing, automated dialing systems, texting, and direct dialing;

d)      Defendant's Assurance and Gemjen, allowed the telemarketers, collections representatives and independent contracting agents to enter or provide consumer information into Defendants' operational systems;

e)      Defendant's Assurance and Gemjen approved, wrote, reviewed or participated in developing the telemarketing/collection scripts or had the right to do so;

f)      Defendant's Assurance and Gemjen knew or reasonably should have known or consciously avoided knowing that the actual telemarketers and agents were violating the law and Defendants failed to take effective steps within their power to require compliance.

104. Defendant's Assurance and Gemjen by and through Doe's 1 through 10, apparently had authority to engage in the autodialing, predictive dialing, direct dialing, texting and robocalling at issue herein because after Plaintiff patiently listened to the scripted pitch and Defendant's Assurance and Gemjen and its agents and employees would all profit from each and every dollar of sales, thereby ratifying their illegal practice.

105.     Defendant's Assurance and Gemjen, ratified the calls to Plaintiff described above because they accepted any potential benefits to them of the calls while knowing or consciously avoiding knowing their telemarketer-agents were robocalling and automated texting cell phones and phone numbers listed on the Federal and Missouri State Registry without complying with the Registry and without prior express written consent of the robocalled, auto-dialed, predictive dialed, called, and texted consumers.

106.     As a direct and proximate result of the  thirteen (13) illegal solicitation calls by the above John and Jane Doe Defendants, as enticed, condoned and ratified by Defendant's Assurance and Gemjen, Plaintiff and members of the class suffered the gross violation of their rights to privacy, solace and seclusion as set forth above, were embarrassed, frustrated, and annoyed by the calls, as well as suffered monetary loss in phone provider service fees, wear and tear on her phone equipment, loss of utility of her phone, and the degradation of her battery life.

`*WHEREFORE*, Plaintiff prays for entry of judgment against Defendant's Assurance and Gemjen for her statutory, actual and/or treble damages sufficient in size to set a stern example and deter in the future like conduct complained of by Defendants or others. Plaintiff further requests an award of her attorney fees, costs, and for such other and further relief as the court finds proper.

Electronically Filed - ST LOUIS COUNTY - September 12, 2023 - 07:47 AM

Electronically Filed - ST LOUIS COUNTY - September 12, 2023 - 07:47 AM

Respectfully submitted,


/s/Edwin V. Butler, Esquire
Edwin V. Butler Mo. 32489
Attorney At Law
Butler Law Group, LLC
1650 Des Peres Rd., Suite 220
St. Louis, MO 63131
edbutler@butlerlawstl.com
(314) 504-0001

Attorney for the Plaintiff

This 11th day of September, 2023.